# DAVID PERLIN, Appellant, v. WATERS-PIERCE OIL COMPANY, Respondent.

### St. Louis Court of Appeals, April 7, 1914.

MASTER AND SERVANT: Injury to Servant: Negligence of Foreman: Pleading: Sufficiency of Petition. A petition alleging that defendant's foreman, having authority to direct plaintiff, a driver, in the manner of performing his duties, delivered turpentine to plaintiff, who did not know what effect it would have, with instructions to apply it to the anus of a horse in .case it balked, and the horse, because of the burning sensation thereby produced, kicked plaintiff and injured him, and that the foreman knew, or by the exercise of ordinary care would have known, the effect the turpentine would have, stated a cause of action, as against a general demurrer.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin, Judge.*

REVERSED AND REMANDED.

*James M. Rollins* and *Joseph Reilly* for appellant.

*J. D. Johnson* and *Loomis C. Johnson* for respondent.

PER CURIAM.—Plaintiff prosecutes this appeal from a judgment of the court sustaining a general demurrer to his petition.

Omitting caption and signatures, the petition, in full, is as follows:

"PLAINTIFF'S AMENDED PETITION.

"Comes now the plaintiff, and by leave of court first had and obtained, files this, his amended petition,

"Plaintiff states that the defendant herein is and was at all times hereinafter mentioned, a corporation duly organized and existing under the laws of the State of Missouri, and that said corporation was in the business of buying, selling and transporting oils in St. Louis, Missouri.

Plaintiff for his cause of action states that on or about the 14th day of December, 1909, he was in the employ of the defendant as a driver of a team of horses, attached to a wagon, provided with a tank, and used in the delivery of oil to the customers of the defendant in the city of St. Louis; that plaintiff in the capacity of driver as aforesaid was under the authority and supervision of the foreman of the defendant; and that said foreman had authority to order and direct plaintiff in the manner of performing his duties; and that plaintiff relied on said foreman to give him instructions for his labor.

"Plaintiff further states that on the morning of the 14th day of December, 1909, aforesaid, before starting on his route for the delivery of oil, he informed the foreman of the defendant, that one of the horses which plaintiff was to drive that day was of a stubborn and balky disposition, and had balked on previous trips; that defendant's foreman thereupon gave to plaintiff a bottle containing turpentine, and ordered plaintiff that if the horse again should balk and refuse to go forward, to apply some of said liquid to the anus of said horse; that later on said day when plaintiff was endeavoring to go on with his duties delivering oil, the horse balked and refused to go forward; that plaintiff, then ignorant of the effects turpentine would have, applied some of the turpentine to the anus of the horse as ordered by the said defendant's foreman, and mounted to his seat upon the wagon.

"Plaintiff further states that the turpentine applied as aforesaid produced in the horse a stinging, burning and irritating sensation, which caused said

horse to violently kick plaintiff on the right leg between the ankle and the knee thereof, with such force as to break the bone of plaintiff's right leg.

"Plaintiff further states that the defendant and its foreman knew or by the exercise of ordinary care would have known that turpentine because of its burning, stinging and irritating effects on the flesh, when applied as ordered by the defendant's foreman, as aforesaid, would cause the horse to become violent and apt to kick, and that the life and limbs of plaintiff would thereby become endangered, and, that, nothwithstanding, defendant and its foreman negligently ordered plaintiff to use said liquid on the horse, and neglected and failed to inform plaintiff the effects it would have on the horse, and to warn him of the danger of being kicked and injured in using said turpentine as ordered by defendant's foreman.

"Plaintiff further states that on account of his injuries sustained as aforesaid he was confined to hospital for a long time and has suffered great pain in body and mind, and has spent for medical attention the sum of $100 and more; that he is permanently injured and crippled; that his right leg below the knee is crooked and shortened, all to his great damage in the sum of seven thousand and five hundred dollars, for which plaintiff prays judgment with his costs herein expended."

The demurrer interposed to the petition by defendant and which the court sustained is as follows:

"Comes now the above named defendant and demurs to the amended petition herein heretofore filed.

"And for grounds of said demurrer, says that the said amended petition does not state facts sufficient to constitute a cause of action against this defendant."

In our opinion, the petition states a cause of action. The judgment should therefore be reversed and the cause remanded. All concur.